CHARLES CARREON (OSB: 93469)
Online Media Law, PLLC
1131 Barrington Circle
Ashland, Oregon 97520
Tel: 541/482-2321
Fax: 541/482-4683

FILED'04 NOV 26 14:53USDC-ORM

Attorney for Plaintiff Graham Lawton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GRAHAM LAWTON,<br><br>    Plaintiff,<br><br>vs.<br><br>MILFHUNTERS.COM, *in rem*, JOHN DOE, an anonymous party, RK NETMEDIA, INC., a Florida Corporation, and DOES 1 – 20,<br><br>    Defendants. | Case No.: 04-3102-CO<br><br>COMPLAINT FOR CYBERSQUATTING (*IN REM* AGAINST INTERNET DOMAIN NAME AND *IN PERSONAM* AGAINST CYBERSQUATTERS), FOR DECLARATORY RELIEF, CONVERSION AND CONSTRUCTIVE TRUST |

For his complaint, *in rem*, against, and for recovery of, the Milfhunters.com Internet Universal Resource Locator (the "URL"), and *in personam* against defendants JOHN DOE, Does 1 – 20, and RK NETMEDIA, INC., plaintiff Graham Lawton alleges:

The Parties

1. Plaintiff has been the registrant of the URL at all times prior to the matters alleged herein, and brings this action to recover the URL and all profits flowing therefrom as further alleged herein.

2. Defendant JOHN DOE is an individual or business entity, acting under a cloak of anonymity for fraudulent purposes, whose identity is unknown to plaintiff. Does 1 – 20 are subsequent transferees of the URL for fraudulent purposes.

3. Defendant RK NetMedia, Inc. ("RK NetMedia") is a Florida corporation doing substantial business in selling media in Oregon through various Internet websites, including the URL, that perform active transactions in interstate commerce.

## Jurisdiction and Venue

4. This is an action for trademark infringement arising under the laws of the United States, and in particular, the Lanham Act, 15 U.S.C. § 101, et seq.; wherefore jurisdiction is proper under 28 U.S.C. § 1338. Plaintiff further allege claims under the Declaratory Relief Act, 28 U.S.C. § 2201. This Court has federal jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction of Plaintiff' state court claims under 28 U.S.C. § 1332. Venue is proper in this district under 28 U.S.C. § 1391(c).

## Background Facts

5. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

6. The trademark Milfhunters.com is distinctive, and has obtained a secondary meaning in the minds of Internet consumers.

7. Plaintiff registered the URL through DirectNic.com on March 14, 2002, and maintained his registration by renewal each year with that same registrar.

8. After registering the URL, until the occurrence of the matters alleged herein, plaintiff profitably sold Internet advertising to a global market by hosting advertising at the URL for view on the World Wide Web.

9. Until August 19, 2004, plaintiff believed he had complete control over the operation of the URL, excluding all others, without any lapse or hiatus in this exercise of dominion and control.

10. In truth and in fact, on or about April 29, 2004, defendant JOHN DOE had usurped plaintiff' control over the URL, using computer hacking techniques to enter plaintiff's email account and create forged emails from plaintiff's email address. Using such forgeries, JOHN DOE gained the ability to impersonate plaintiff's status as the Administrative Contact for the URL to DirectNic.com. Using that impersonated status, JOHN DOE was able to control the disposition of the URL.

11. On August 19, 2004, plaintiff discovered that JOHN DOE had used fraudulently-obtained authority over the URL to assert wrongful control over the URL by altering the registration to eliminate plaintiff from his recorded status as Administrative Contact for the URL in the WHOIS records that comprise the official record of Intenet domain name ownership. However, JOHN DOE concealed his identity by transferring the URL from plaintiff's DirectNic.com account to a new registration account at GoDaddy.com, using the "privacy service" provided through DomainsByProxy.com to conceal his identity. Thus, the identity of JOHN DOE as the current, unlawful, registrant of the URL, is not disclosed by the public-access WHOIS database.

12. Since August 19, 2004, visitors to the URL have been directed to the websites of defendant RK NetMedia, Inc., for which plaintiff has received no revenue. Since said date, RK NetMedia, Inc. has paid JOHN DOE bi-monthly commissions for advertising appearing on the URL.

13. Plaintiff cannot determine the identity or geographic location of JOHN DOE, and has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### Cybersquatting In Violation of 15 U.S.C. § 1125(d)

### Against Defendant JOHN DOE and Does 1 - 20

14. Plaintiff realleges all matters set forth throughout this complaint in full hereat.

15. Since a time prior to the acts of defendants complained of herein and at all material times, plaintiff has been and is the owner of the mark Milfhunters.com ("the

mark"), which it began using in commerce as early as 2002 as the identifying mark for an Internet advertising website.

16. The mark is distinctive and has a secondary meaning in the minds of consumers.

17. The mark was distinctive when JOHN DOE registered the URL in bad faith at GoDaddy.com by means of forgery and subterfuge.

18. Since his bad faith registration of the URL, JOHN DOE has continued to operate the URL, profiting from the goodwill of the mark. Plaintiff can obtain assistance from Go Daddy Software, Inc., to remedy the theft of the URL, only via the judicial intervention petitioned for herein. Plaintiff has no remedy at law.

19. JOHN DOE and Does 1-20 registered, trafficked in, used, and are using the URL with the bad faith intent to profit from the value of the mark.

20. The true names of JOHN DOE and Does 1 – 20 not being specifically known, his or its identity are alleged fictitiously with intent to later amend to allege his or its true name, and those of any coconspirators as may be discovered.

## SECOND CLAIM FOR RELIEF

### Cybersquatting In Violation of 15 U.S.C. § 1125(d)

#### *In Rem* Against the URL

21. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

22. This claim for relief is alleged jointly and in the alternative with the first claim for relief.

23. Plaintiff is unable to obtain personal jurisdiction over defendant JOHN DOE, because his identity has been concealed as above-alleged.

24. Plaintiff therefore invokes the provisions of 15 U.S.C. § 1125(d)(2), naming the URL as an *in rem* defendant, and preserving all *in personam* claims pursuant to 15 U.S.C. § 1125(d)(3).

25. Plaintiff has no adequate remedy at law, and is entitled to injunctive relief compelling Go Daddy Software, Inc., the owner and operator of Godaddy.com, to comply with orders directing disposition of the URL as prescribed by 15 U.S.C. § 1125(d)(2)(D).

### THIRD CLAIM FOR RELIEF

<u>Declaratory Relief Under 28 U.S.C. § 2201, Against All Defendants</u>

26. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

27. An actual controversy exists between the plaintiff and defendants, in that:

28. Plaintiff claims the following as his sole and exclusive rights:

   a. The right to have Graham Lawton appear as the registrant, Administrative Contact and Technical Contact for the URL in the worldwide Whois database,

   b. The right to exploit the URL by hosting a website on the World Wide Web,

   c. The right to utilize the mark in commerce,

   d. The right to sell products, advertising, and receive commissions on the sale of the products of others that are made to visitors at the URL,

   e. The right to be free from having his identity and authority stolen by the use of forged documents,

   f. The right to obtain return of property wrongfully held, to wit, the URL, and

   g. The right to recover all funds wrongfully obtained by the defendants by the usurpation of plaintiff' rights.

29. Defendants deny that plaintiff has such rights.

30. Wherefore, plaintiff is entitled to a declaration of rights.

### FOURTH CLAIM FOR RELIEF

<u>Conversion, Against JOHN DOE, RK NetMedia, Inc., and Does 1 - 20</u>

31. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

32. The URL is personal property of the plaintiff that produces a stream of revenue, which is the further personal property of plaintiff.

33. Defendants have converted the URL to their own use, and are receiving the profits thereof.

34. Plaintiff has been economically damaged by defendants' acts of conversion.

35. The acts of defendants JOHN DOE and Does 1 – 20 were fraudulent, wherefore exemplary damages are merited against said defendant.

FIFTH CLAIM FOR RELIEF

<u>For Constructive Trust, Against JOHN DOE, RK NetMedia, Inc., and Does 1 - 20</u>

36. Plaintiff realleges and incorporates each and every allegation contained herein as if fully set forth hereat.

37. Defendants obtained unauthorized control over the URL and the revenue flowing therefrom through the actual fraud of JOHN DOE.

38. Defendants have no lawful entitlement to possession of the URL or receipt of the revenue flowing therefrom.

39. Defendants are deemed to hold the URL and all revenue traceable thereto in trust for plaintiff.

40. For the usurpation of his ownership and possessory interest in the URL and the revenue flowing therefrom, plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1) ON THE FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS:

   a) For an order directing the transfer to plaintiff of the URL registration from JOHN DOE, or any other registrant thereof to whom the same may have been conveyed;

   b) For actual damages according to proof;

c) Alternatively, pursuant to election prior to entry of judgment, for statutory damages in the amount of not less than $1,000 and not more than $100,000 per URL registered in violation of law;

d) For plaintiff' reasonable attorneys fees incurred in prosecution of this action;

2) ON THE SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS,

a) For an order directing the transfer to plaintiff of the URL registration from JOHN DOE, or any other registrant thereof to whom the same may have been conveyed;

3) ON THE THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS, for a declaration that plaintiff has the following rights:

i) The right to appear as the registrant and Administrative Contact of the URL in the worldwide Whois database,

ii) The right to exploit the URL to operate a website on the World Wide Web,

iii) The right to utilize the mark in commerce,

iv) The right to sell products, advertising, and receive commissions on the sale of the products of others that are made to visitors at the URL website,

v) The right to be free from having his identity and authority stolen by forgery,

vi) The right to obtain return of property wrongfully held, to wit, the URL, and

vii) The right to recover all funds wrongfully obtained by the defendants by the usurpation of plaintiff' rights.

4) ON THE FOURTH CLAIM FOR RELIEF,

a) For an order of replevin returning the URL to plaintiff's dominion and control,

b) For an award of restitution in the amount of defendants' profits,

c) For punitive damages against defendant JOHN DOE,

5) ON THE FIFTH CLAIM FOR RELIEF,

a) For the imposition of a constructive trust on the URL,

b) For the imposition of a constructive trust on the revenues flowing from the URL,

c) For transfer of all property in the constructive trust to plaintiff, and

6) ON ALL CLAIMS FOR RELIEF, for orders

   a) Entering Judgment against defendants for plaintiff' costs, attorneys' fees and,

   b) For such further relief as the Court deems just.

Dated: November 25, 2004                ONLINE MEDIA LAW, PLLC

                                        By: _____
                                        CHARLES CARREON (93469)
                                        Attorney for Plaintiff Graham Lawton

- 8 -

COMPLAINT FOR CYBERSQUATTING (IN REM AGAINST INTERNET DOMAIN NAME AND IN PERSONAM AGAINST CYBERSQUATTERS), FOR DECLARATORY RELIEF, CONVERSION AND CONSTRUCTIVE TRUST

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a jury trial.

Dated: November 25, 2004			ONLINE MEDIA LAW, PLLC

By: _____
CHARLES CARREON (93469)
Attorney for Plaintiff Graham Lawton

COMPLAINT FOR CYBERSQUATTING (IN REM AGAINST INTERNET DOMAIN NAME AND IN PERSONAM AGAINST CYBERSQUATTERS), FOR DECLARATORY RELIEF, CONVERSION AND CONSTRUCTIVE TRUST