FILED'05 SEP 30 15:31USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GRAHAM LAWTON,                                              Civ. No. 04-3102-AA

    Plaintiff,                                                  ORDER

v.

MILFHUNTERS.COM, et al.,

    Defendants.

AIKEN, Judge:

    On August 22, 2005, the court granted plaintiff's motion for entry of default against defendant Steward Bergman after Magistrate Judge Cooney authorized service by electronic mail and Bergman failed to respond. Plaintiff now seeks a permanent injunction and turnover order enjoining Bergman from asserting any claim of ownership, registration, or control of the Milfhunters.com Internet domain name or attempting to assert control over the Milfhunters.com domain name. The court may arguably grant such an

1    - ORDER

order against Bergman based on the entry of default against him.

However, plaintiff also requests that the court order GoDaddy Software, Inc., who is not a named party to this action, to restore the registration of the Milfhunters.com domain name to plaintiff, reset the password that controls the Milfhunters.com domain name, and deliver to plaintiff's counsel copies of all identifying documents for Bergman. Given that GoDaddy Software is not a named defendant, has not been served, and has no judgment entered against it, the court cannot order GoDaddy to take such action. Plaintiff provides the court with no citation of authority for its requested relief against a non-party to this action.

Likewise, plaintiff's motion seeks an order requiring defendant RK NetMedia, Inc. to deliver to plaintiff's counsel all funds in the control of RK NetMedia that accrued to Bergman's account as well as all identifying documents for Bergman. Although RK Media, Inc. is named as a defendant, it has not been served and no judgment has been entered against it. Therefore, the court will not order RK Media to take any such action.

Finally, under Federal Rule of Civil Procedure 54(b), the court may direct entry of final judgment as to one or more of the claims or parties "only upon the express determination that there is no just reason for delay." Given that only one defendant has been served with electronic mail, I do not find that plaintiff has established "no just reason for delay."

Accordingly, plaintiff's Motion for Permanent Injunction and Turnover Order (doc. 17) is DENIED.

IT IS SO ORDERED.

Dated this 30 day of September, 2005.

_____
Ann Aiken
United States District Judge

3    - ORDER